812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ellis G. WILLMORE, Plaintiff-Appellant,
v.
Clyde D. WIMMER; Robert Bendall; Sam Ellis; Robert
Bagshaw; Darrell Mullins; W.A. O'Brien; Lance
Embrey; James Garrison, Defendant-Appellees,
Ellis G. WILLMORE, Plaintiff-Appellant,
v.
Clyde D. WIMMER; Robert Bendall; Sam Ellis; Robert
Bagshaw; Darrell Mullins; W.A. O'Brien; Lance
Embrey; James Garrison, Defendant-Appellees,
Ellis G. WILLMORE, Plaintiff-Appellant,
v.
Clyde D. WIMMER; Robert Bendall; Sam Ellis; Robert
Bagshaw; Darrell Mullins; W.A. O'Brien; Lance
Embrey; James Garrison, Defendant-Appellees.
 Nos. 86-3951(L), 86-3957, 86-3706.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 11, 1986.
Decided Feb. 26, 1987.
 
 Thomas Woehrle (Hoeting, Tuttle & Woehrle, P.C., on brief), for appellant.
 John J. Brandt, Kevin L. Locklin (Slenker, Brandt, Jenning & Johnston, on brief), for appellee.
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ellis G. Willmore appeals from the district court's grant of summary judgment in favor of Clyde D. Wimmer, Robert Bendall, Sam Ellis, Robert Bagshaw, Darrell Mullins, W.C. O'Brien, Lance Embrey and James Garrison. The district court held that Willmore, in complaining of the defendants' dilatory procedures in the granting of building permits, failed to state a constitutional claim under either 42 U.S.C. Secs. 1983 or 1985(3). We affirm.[1]
 
 
 2
 Willmore is a builder who, at the time the complaint was filed, was constructing town houses in a Manassas, Virginia, subdivision. The defendants are all officials of the City of Manassas. The underlying controversy between Willmore and the City involved a prolonged dispute over the issuance of building permits. With the exception of certain plumbing permits, Willmore eventually received all the permits he requested. According to the City, it refused to approve Willmore's applications for plumbing permits because he had not submitted diagrams and plans it had requested.
 
 
 3
 In January 1985, Willmore filed actions against the City and various City officials in both state and federal court.[2] The complaints alleged that the defendants unconstitutionally deprived Willmore of property by delaying the issuance of building permits. The parties settled their differences in May 1985, but shortly thereafter the City stopped Willmore's construction because he still had not submitted the plumbing diagrams--information the City required before it would issue the still-pending plumbing permits. The City's "stop work" order was upheld by a Virginia state court in August 1985. The court's decree required Willmore to cease work until he submitted the required plumbing diagrams. The court's decree also ordered the City to issue the plumbing permits to Willmore if the City found his diagrams in compliance with its regulations. Willmore subsequently submitted the diagrams and the City issued the permits.
 
 
 4
 In the meantime, Willmore brought this Sec. 1983 action in federal district court in August 1985. Willmore initially alleged numerous constitutional violations, but during oral argument on the defendants' summary judgment motion, and on this appeal, he bases his constitutional claim only on the City officials' denial of his procedural due process rights.
 
 
 5
 Assuming without deciding that Willmore has a constitutionally protected property right in obtaining the building permits, we agree with the district court that Willmore failed to state a viable Sec. 1983 claim. Not only was an adequate post-deprivation remedy available in the state system, but Willmore was pursuing his state remedy concurrently with his federal action. We also agree with the district court that Willmore failed to state a claim under Sec. 1985(3) because his allegations are insufficient to support a claim of class-based discrimination.
 
 
 6
 The judgment of the district court is, therefore, affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Prior to oral argument, the parties filed a number of motions. Wimmer moved to modify the appellate record, while Willmore moved to strike part of Wimmer's brief or, in the alternative, to supplement the record. Willmore also moved for leave to file a reply to other Wimmer materials. All of these motions are denied
 
 
 [2]
 With the exception of Clyde Wimmer, these actions named different City officials as party defendants